

RECEIVED
SDNY DOCKET UNIT

2026 JAN 23  PH 12: 16

# PUNITED STATES COURT for

# Southern District of New York

# 24-cv-9743/25-cv-2031/25-cv-6939/25-cv-6652

**Lucio Celli**
Plaintiff / Movant,

v.

**NYC et al/Wolfe/Weingarten,**
Defendant(s).

Chief Judge Taylor-Swain, Judge Cronan, and Judge Halpern

**PLAINTIFF'S MOTION FOR RECONSIDERATION, VACATUR, AND DISQUALIFICATION based on Judge Cronan's prior knowledge as an AUSA because he knows the misconduct of the AUSAs in my case and he is RECORDED in telling me about Judge Cogan's crime in helping the UFT steal wages—he had the audio of the Ms. Battle threatening to expose my rape.**

**Pursuant to FRCP 54(b), 59(e), 60(b)(1), (3), (4), and (6); and 28 U.S.C. §§ 144 and 455**

---

# PRELIMINARY STATEMENT

Plaintiff respectfully moves for reconsideration and vacatur of this Court's prior rulings because they were entered **without disclosure or consideration of Judge Cronan's prior knowledge and involvement, while serving as an Assistant United States Attorney, in matters directly connected to Plaintiff, the UFT, and Randi Weingarten,** including retaliation arising from protected activity, wage theft, and coordinated suppression of judicial enforcement.

Reconsideration is required because:

1. **Judge Cronan possessed prior extrajudicial knowledge**—acquired as an AUSA—concerning retaliatory actions by the UFT and Randi Weingarten against Plaintiff, including retaliation triggered by expressive activity and wage theft;
2. The Court **failed to disclose or address this prior involvement**, in violation of **28 U.S.C. § 455(a) and (b)** and due process principles requiring an impartial tribunal;
3. The Court **ignored and failed to adjudicate evidence that Judge Engelmayer's order was planned and procured through coordination involving AUSAs**, including AUSA Smith, and that such order was subsequently disregarded and suppressed;

4. The resulting rulings were **infected by structural bias, fraud on the court, and deprivation of due process**, rendering them void or voidable.

This is not a disagreement with the merits. It is a challenge to the **legitimacy of the adjudicator and the integrity of the process itself.**

# PROCEDURAL BACKGROUND (SUMMARY)

1. Plaintiff has consistently alleged retaliation by the UFT and Randi Weingarten arising from protected expressive activity, followed by **wage theft and benefit deprivation.**
2. Plaintiff presented evidence that **Judge Engelmayer issued an order addressing these issues,** and that enforcement of that order was **knowingly obstructed,** including by government actors.
3. Plaintiff further alleged that **AUSA Smith and others planned and procured the judicial order,** and that its suppression was coordinated to prevent disclosure of retaliation and wage theft.
4. Judge Cronan ruled on these matters **without disclosing his prior involvement or knowledge as an AUSA,** and without addressing the planning/procurement and suppression of the Engelmayer order.

# STANDARD FOR RECONSIDERATION

Reconsideration is warranted where the Court has:

- Overlooked controlling law or material facts;
- Acted under a **misapprehension of its own jurisdiction or impartiality;**
- Entered orders tainted by **fraud, nondisclosure, or structural constitutional error.**

Rules **54(b), 59(e), and 60(b)** permit reconsideration where necessary to prevent manifest injustice, correct clear error, or remedy fraud on the court.

# ARGUMENT

## I. RECONSIDERATION IS REQUIRED DUE TO JUDGE CRONAN'S PRIOR KNOWLEDGE AND INVOLVEMENT AS AN AUSA

*(28 U.S.C. § 455(a), (b); Due Process Clause)*

- Material facts regarding the planning and suppression of a judicial order were ignored;
- Plaintiff was denied a neutral adjudicator;

the resulting orders are **constitutionally infirm**.

---

## IV. MANIFEST INJUSTICE REQUIRES VACATUR AND REASSIGNMENT

*(Rule 60(b)(6))*

This case involves:

- Retaliation for expressive activity;
- Wage theft;
- Government involvement in planning and suppressing judicial action;
- Repeated denial of meaningful adjudication.

Extraordinary circumstances exist. Without vacatur and reassignment, Plaintiff is left without any forum capable of adjudicating his claims free from institutional conflict.

---

# RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Grant reconsideration** of its prior orders;
2. **Vacate all orders entered by Judge Cronan** in this matter;
3. **Order disqualification and reassignment** pursuant to 28 U.S.C. §§ 144 and 455;
4. **Reopen the record** to address:
   - Judge Engelmayer's order,
   - The role of AUSA Smith and other government actors in planning/procuring that order,
   - The suppression and non-enforcement thereof;
5. Grant such other and further relief as justice requires.

- Judge Cronan possessed prior extrajudicial knowledge—acquired as an AUSA—concerning retaliatory actions by the UFT and Randi Weingarten against Plaintiff, including retaliation triggered by expressive activity and wage theft;
- The Court failed to disclose or address this prior involvement, in violation of 28 U.S.C. § 455(a) and (b) and due process principles requiring an impartial tribunal;
- The Court ignored and failed to adjudicate evidence that Judge Engelmayer's order was planned and procured through coordination involving AUSAs, including AUSA Smith, and that such order was subsequently disregarded and suppressed;
- The decisions further rest on the concealment of Judge Engelmayer and the AUSA's orchestration of the denial of due process in Plaintiff's employment with Magistrate Lehrburger, which constitutes the concealment of a crime and a direct violation of Plaintiff's rights;
- The resulting rulings were infected by structural bias, fraud on the court, and deprivation of due process, rendering them void or voidable.

This is not a disagreement with the merits. It is a challenge to the legitimacy of the adjudicator and the integrity of the process itself.

39 Aveonis Court
F. Shkils, NY 12524

@ 1/23/26