UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO CELLI,

Plaintiff,

-against-

RANDI WEINGARTEN, et al.,

Defendants.

1:25-CV-6652 (LLS)

BAR ORDER UNDER
28 U.S.C. § 1651

LOUIS L. STANTON, United States District Judge:

By order dated July 30, 2026, and entered on August 6, 2026, the Court dismissed this action *sua sponte*. (ECF 11.) The Court: (1) dismissed Plaintiff's claims for mandamus relief under 28 U.S.C. § 1361 for failure to state a claim on which relief may be granted; (2) dismissed Plaintiff's claims for relief under the Administrative Procedure Act ("APA") against those Defendants who are not officers of the federal executive branch for failure to state a claim on which relief may be granted; (3) dismissed Plaintiff's claims for relief under the APA against those Defendants who are or were, at the time of the filing of this action, officers of the federal executive branch, in their official capacities, under the doctrine of sovereign immunity, for lack of subject matter jurisdiction; (4) denied all then-pending motions and requests; and (5) directed Plaintiff to show cause, by declaration, within 30 days of the date of that order, why the Court should not bar Plaintiff from filing any future civil action in this court *in forma pauperis* ("IFP") without first obtaining leave of the court to do so. (*Id.*)

On September 2, 2026, Plaintiff, who appears *pro se* and proceeds IFP, filed a "Memorandum of Law in Support of Subject-Matter Jurisdiction, Certified Familiarity—as Wolfe is Caught Saying Engelmayer, Weingarten, and Karagios Used Fabricated Evidence Which is a Cause of Action Under the Constitution and Due Process Claims Predicated on

Failure of Structural Safeguards in the Underlying Proceeding" ("Memo of Law in Support of Subject-Matter Jurisdiction").[1] (ECF 12.) Six days later, on September 8, 2026, Plaintiff filed: (1) a "Notice of Petition for Writ of Error Coram Nobis" (ECF 13); (2) "Plaintiff's Motion for an Evidentiary Hearing Prior to Filing-Injunction Under the Rule Under *Robert Moates v. Wayne Barkley*, 147 F.3d 207 (2d Cir. 1998) (ECF 14); (3) a "Memorandum of Law Re: *Morgan v. United States*, 298 U.S. 468 (1936) ("*Morgan I*") (ECF 15); (4) "Plaintiff's Letter apprising the Court of what Rule 60 motions fort 7th Amendments are forthcoming and are need for a FULL evidentiary hearing under *Robert Moates v. Wayne Barkley*, 147 F.3d 207 (2d Cir. 1998) with Affidavits and if I have audios to support or evidence CAN be found on the emails of US Probation" (ECF 16); (5) another Memo of Law in Support of Subject-Matter Jurisdiction (ECF 17)[2]; (6) "Plaintiff's Letter Response Concerning the Proposed Filing Injunction—as all Subsequence Judgements Based on 19CR127 are Void Because the Cartel Issued and Concealed the Fact that Randi Weingarten and My Lawyer Deprived Me of Due Process Based on Fabricated Evidence and Randi['s] Intentional Deprivation of HIV Meds via Probation and NYC—with Com Rosa of NYSED, Kopplin of US Senate Ethics Committee and Hon. Gleason as My Witnesses" (ECF 18); and (7) a "Letter the Need for Transcri[p]ts to Finish the Follow[ing] Memorandum Analysis & Misconduct Review Under Fed. R. Civ. P. 60(b)(3), 60(d)(3), and 60 for Judicial Officers—Engelmayer has Ignored Me" (ECF 19).

With respect to all of these submissions, Plaintiff lists the docket number assigned to this action as well as the docket numbers assigned to other actions that he has brought in this court. The Court will address these submissions only in the context of this action.

---

[1] The caption of this submission refers to Plaintiff as "Michael Celli." (ECF 12.)

[2] The caption of this submission also refers to Plaintiff as "Michael Celli." (ECF 17.)

In at least some of these submissions, Plaintiff appears to challenge, including under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), the Court's July 30, 2026 order, including the Court's proposed filing injunction mentioned in that order. (ECF 14, 18.) Rule 60(b) allows a litigant to seek relief from a *final* judgment, order, or proceeding. *See* Fed. R. Civ. P. 60(b). The Court's July 30, 2026 order, however, is not a final order subject to Rule 60(b) review because it is not "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Abdell v. City of New York*, 759 F. Supp. 2d 450, 453 (S.D.N.Y. 2010) (Sullivan, D.J.) (quoting *Nelson v. Unum Life Ins. Co. of Am.*, 468 F.3d 117, 119 (2d Cir. 2006) (internal quotation marks omitted)); *see Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 313 (2025) ("After a case is finally terminated, . . . a court no longer presides . . . . It is at that point that a court's power under Rule 60(b) kicks in, permitting the court to look back at the 'final' act in a case and provide relief from that act when appropriate."). Thus, Plaintiff cannot seek Rule 60(b) review of the Court's July 30, 2026 order.

In light of Plaintiff's *pro se* status, however, the Court construes Plaintiff's abovementioned submissions that challenge the Court's July 30, 2026 order as motions for reconsideration of that order, brought under Local Civil Rule 6.3. The Court also construes all of Plaintiff's abovementioned submissions as responses to the Court's instruction in that order to show cause why the Court should not impose the proposed filing injunction. For the reasons set forth in this order, the Court denies Plaintiff reconsideration relief and imposes the abovementioned proposed filing injunction upon him.

## DISCUSSION

### A. Reconsideration relief under Local Civil Rule 6.3

Under Local Civil Rule 6.3, a motion for reconsideration must be filed within 14 days of the entry of the order being challenged. Local Civil Rule 6.3. The Court's July 30, 2026 order

was entered on August 6, 2026. Thus, Plaintiff had until August 20, 2026, to file a timely motion for reconsideration. He did not file the earliest-filed of the abovementioned submissions until September 2, 2026. (ECF 12.) Thus, Plaintiff's construed efforts to seek reconsideration relief are untimely. Accordingly, the Court denies Plaintiff such relief.

**B. Filing injunction**

Plaintiff's submissions filed after the entry of the Court's July 30, 2026 order do not show cause why the Court should not impose the abovementioned proposed filing injunction. Plaintiff seems to argue that he is entitled to a hearing before such a filing injunction is imposed. (*See* ECF 14, at 6-10; ECF 18, at 5.) That is incorrect. While "[t]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," that rule is satisfied when the litigant is provided with such "notice *or* a hearing." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see Vidurek v. Koskinen*, 789 F. App'x 889, 895 n.3 (2d Cir. 2019) (summary order) ("The [litigants] . . . argue that the District Court issued the [filing] injunction without a hearing . . . . But they were on notice of the possibility of a filing injunction . . . ."); *Robert v. DOJ*, 439 F. App'x 32, 35 (2d Cir. 2011) (summary order) ("[The litigant] was explicitly placed on notice of the possibility of a filing injunction . . . . There is no support for [his] argument that he was entitled to an evidentiary hearing . . . .").

Plaintiff received notice of the proposed filing injunction, and was granted an opportunity to be heard, via declaration, as to why it should not be imposed, when the Court issued its July 30, 2026 order. (ECF 11.) Thus, Plaintiff is not entitled to a hearing before the Court imposes such a filing injunction.

Plaintiff seems to also argue that the relevant legal factors weigh against the Court's imposition of the proposed filing injunction. (*See* ECF 14, at 8-9.) He further seems to object to

the scope of the proposed filing injunction, arguing that, if the Court is to issue a filing injunction, it should be more narrowly tailored than the one that the Court has proposed. (ECF 14, at 8-9; ECF 18, at 5.).

The factors that a court must consider when deciding whether to impose a filing injunction are the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

The Court, in its July 30, 2026 order, recounted Plaintiff's relevant litigation history within this court and within the United States Court of Appeals for the Second Circuit, including this court's previous attempts to warn him of the consequences of his continued filing of non-meritorious litigation in this court, as well as this court's and the Second Circuit's issuance of other filing injunctions against him. (*See* ECF 11, at 9-12.) The Court noted that, among those warnings, with respect to Plaintiff's previous litigation about his "criminal prosecution and conviction in the [United States District Court for the] Eastern District of New York[,] . . . this court ha[d] repeatedly warned Plaintiff not to file civil actions, but . . . ha[d] not yet issued a filing injunction." (*Id.* at 11.) The Court also noted that: (1) on July 25, 2025—which was before this action was filed—in another of Plaintiff's previously filed civil actions in this court, Judge Subramanian issued an order directing Plaintiff to show cause as to why a proposed filing injunction should not be imposed upon him; and (2) on September 5, 2025—which was after this action had been filed—Judge Subramanian, in that other action, then barred Plaintiff from filing civil actions in this court regarding Plaintiff's termination from New York City Department of

Education ("DOE") employment or the consequences of that termination without first obtaining leave of the court to file. (*Id.* at 10.) The Court further noted that, before all of those warnings and before the imposition of that filing injunction, in 2017, the Second Circuit had directed its Clerk of Court to refuse to accept for filing any future appeal, motion, or other papers in that court from Plaintiff without leave of that court. (*Id.* at 11.)

The Court then observed that Plaintiff had filed this action about: (1) his criminal prosecution and conviction in the Eastern District of New York—subject matter about which, before Plaintiff had filed this action, he had been repeatedly warned not to file civil actions in this court—and; (2) his termination from DOE employment and the consequences thereof—subject matter about which, before Plaintiff had filed this action, Judge Subramanian had given him notice of a possible filing injunction and then, after he had filed this action, Judge Subramanian had barred him from filing future civil actions in this court without leave. (*Id.* at 10-11.) The Court held that "[b]y filing this action—after the abovementioned warnings, but before the issuance of [Judge Subramanian's] abovementioned [September 5, 2025] filing injunction—Plaintiff has shown no regard for the court's warnings and the court's cognizance of his litigation history." (*Id.* at 11-12.) Thus, it would appear that the first two abovementioned factors weigh in favor of imposing the proposed filing injunction.

As to the third factor, Plaintiff has appeared *pro se* in this action and in all of the other previous actions that he has brought in this court that have been the basis of the aforementioned non-meritorious litigation history upon which the Court has based its proposed filing injunction. (*See id.* at 9-12.) As the Second Circuit has observed, "*pro se* litigants, in many cases, are entitled to special solicitude, but we have not altogether 'excuse[d] frivolous or vexatious filings by *pro se* litigants.'" *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 715 (2d Cir. 2019)

(citation omitted). The Second Circuit has also observed that "it [can be] appropriate to charge a *pro se* litigant with knowledge of, and therefore withdraw special [solicitude] status in relation to, particular requirements with which he is familiar as a result of his extensive prior experience in the courts." *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir. 2009). Indeed, "it is certainly possible that a *pro se* litigant may be sufficiently experienced as to justify a court affording him only minimal solicitude and, at least under certain circumstances, a litigant's experience and knowledge may even justify complete withdrawal of solicitude for the entirety of an action." *Tracy v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010). Yet, a court may be "unwilling to endorse the general withdrawal of such solicitude for the entirety of the action on the basis of [the *pro se* litigant's] repeated earlier participation in only some aspects of litigation." *Id.*

Here, before Plaintiff had filed this action, he had been repeatedly warned of the consequences of filing yet another civil action in this court about his criminal prosecution and conviction in the Eastern District of New York, and had been directed to show cause why he should not be barred from filing any future civil action in this court concerning his termination from DOE employment or the consequences thereof. (ECF 11, at 9-10.) Thus, if the special solicitude that Plaintiff is normally due as a *pro se* litigant is to be deemed reduced or withdrawn in any manner, it should be so deemed at least in regard to the act of his filing those two types of actions. Because the Court has determined that the filing of this action has been yet another attempt by Plaintiff to assert claims arising from the abovementioned subject matter (*see id.* at 11-12), at least with respect to the filing of this action, the Court withdraws from Plaintiff the special solicitude it must normally grant him. Accordingly, though Plaintiff proceeds *pro se* in this action, he is not due any special solicitude as to the filing of this action and, therefore, in light of the previous warnings regarding his filing of both types of abovementioned litigation—

which he did not heed when filing this action—his *pro se* status does not weigh against imposing the proposed filing injunction.

With respect to the fourth factor, Plaintiff's abovementioned litigation history in this court and in the Second Circuit, including the repeated warnings and the already-imposed filing injunctions as to his previous non-meritorious litigation, have made clear the "unnecessary burden . . . the courts and their personnel," *Safir*, 792 F.2d at 24, have already had to bear with respect to considering and adjudicating Plaintiff's non-meritorious litigation in this court, including this action, *see Hermes of Paris, Inc. v. Swain*, No. 20-3451-cv, 2021 WL 5170726, at *3 (2d Cir. Nov. 8, 2021) (summary order) (holding that the litigant "undoubtedly caused . . . an unnecessary burden on federal and state courts through his repeated filings"). Thus, the fourth factor weighs in favor of imposing the proposed filing injunction.

As to the fifth factor—which addresses the question of whether the proposed filing injunction, as opposed to another type of sanction, "would be adequate to protect the courts and other parties," *Safir*, 792 F.2d at 24—it is important to note that all of Plaintiff's previous non-meritorious actions in this court that were mentioned in the Court's July 30, 2026 order, as well as this action, are actions in which the court allowed Plaintiff to proceed IFP. The ability of a federal-court litigant to proceed in a civil action IFP is a "privilege," *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983); *Cucco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (Pauley, D.J.), not a right. The proposed filing injunction does not altogether ban Plaintiff from enjoying that privilege—it merely subjects his enjoyment of it with respect to any future civil action that he brings in this court to the court's leave. Moreover, the proposed filing injunction's application to *any future civil action that Plaintiff brings in this court IFP*, as opposed to a more narrowly tailored subset of litigation, is not overbroad. This is because, as discussed above and in the

Court's July 30, 2026 order, Plaintiff has ignored this court's warnings with respect to filing non-meritorious litigation associated with multiple matters, that is: (1) his criminal prosecution and conviction in the Eastern District of New York; and (2) his termination from DOE employment and the consequences of that termination. Accordingly, if the Court does not impose the proposed filing injunction, and merely imposes a more narrowly tailored one, such a narrowly tailored filing injunction will likely prove to be an inadequate means to deter or prevent Plaintiff from filing future non-meritorious litigation in this court IFP about other not-yet-contemplated subject matter. Thus, the fifth factor weighs in favor of imposing the proposed filing injunction.

Accordingly, because the Court has determined that Plaintiff, "who has a history of vexatious litigation[,] is likely to continue to abuse the judicial process," *Safir*, 792 F.2d at 24, and because a "court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation," *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985), the Court imposes the proposed filing injunction upon Plaintiff. The Court therefore bars Plaintiff from filing any future civil action in this court IFP without first obtaining leave of the court to do so.

**CONCLUSION**

The Court construes Plaintiff's submissions filed after the entry of the Court's July 30, 2026 order as motions for reconsideration of that order, brought under Local Civil Rule 6.3. The Court also construes all of Plaintiff's abovementioned submissions as responses to the Court's instruction in that order to show cause why the Court should not impose the proposed filing injunction mentioned in that order. For the reasons set forth in this order, the Court denies Plaintiff reconsideration relief and imposes that proposed filing injunction upon him.

The Court hereby bars Plaintiff from filing any future civil action in this court IFP without first obtaining leave of the court to do so. *See* 28 U.S.C. § 1651. When commencing any

future civil action in this court in which he attempts to proceed IFP, Plaintiff must attach a copy of his proposed complaint and a copy of this order to a motion in which he seeks leave to file. That motion, along with his complaint and IFP application, must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files a civil action in this court in which he seeks to proceed IFP, but without also filing a motion for leave to file, the court will dismiss that action for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents in this court and the continued filing of non-meritorious civil actions in this court may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court denies any pending motions and other requests for relief in this action. The Court therefore directs the Clerk of Court to terminate ECF 14.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the July 30, 2026 order and noting that, pursuant to this order, Plaintiff is barred from filing any future civil action in this court IFP without first obtaining leave of the court to do so.

SO ORDERED.

Dated: October 24, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.